# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| -vs- | ) | Case No. CR-09-81-F |
| MARCUS DEWAYNE OAKES, | ) |  |
| Defendant. | ) |  |

## ORDER

On July 8, 2016, defendant, Marcus Dewayne Oakes, filed an application seeking leave from the Tenth Circuit to file a second or successive motion pursuant to 28 U.S.C. § 2255, challenging his conviction and sentence under 18 U.S.C. § 924(c). Defendant's application was based on <u>Johnson v. United States</u>, 135 S.Ct. 2551 (2015), in which the Supreme Court held the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e), is unconstitutionally vague.

That same day, the Tenth Circuit abated defendant's application pending resolution of the issue of whether the similarly worded residual clause of § 924(c) is unconstitutionally vague. Almost three years later, on June 24, 2019, the Supreme Court issued its opinion in <u>United States v. Davis</u>, 139 S.Ct. 2319 (2019), invalidating the residual clause of § 924(c) as unconstitutionally vague.

On January 3, 2020, the Tenth Circuit granted defendant authorization to file a second or successive § 2255 motion in this court challenging his § 924(c) conviction and sentence under <u>Davis</u>. In its order, the Tenth Circuit did not transfer any proposed § 2255 motion to this court. Prior to issuing its order, the Tenth

Circuit had directed defendant to supplement his application for authorization and any proposed § 2255 motion addressing, in part, the implication of Davis. The Tenth Circuit record reflects that the order was returned undelivered. Therefore, defendant did not file any supplement.

Because the Tenth Circuit did not transfer any proposed § 2255 motion, this court did not have a § 2255 motion to adjudicate. Therefore, the court directed defendant, if he so desired, to file a second or successive § 2255 motion challenging his § 924(c) conviction and sentence under Davis by March 6, 2020.

The court is in receipt of defendant's second or successive motion under 28 U.S.C. § 2255. Doc no. 206. Upon review, the court notes that defendant has requested to add "Ground (2) to his motion: Fraud upon the Court, Miscarriage of Justice/Factually innocent." *Id*. at p. 1. Because the Tenth Circuit has not authorized defendant to file a second or successive § 2255 motion based upon that ground, the court lacks jurisdiction to address it. 28 U.S.C. §2244(b)(3)(A); 28 U.S.C. §2255(h); *see also*, United States v. Williams, 790 F.3d 1059, 1073, 1076-1077 (10th Cir. 2015). The court declines to transfer defendant's motion to the Tenth Circuit for a determination of whether defendant may proceed with challenging his § 924(c) conviction and sentence based upon that ground. Defendant has not shown that he can satisfy the requirements of 28 U.S.C. § 2255(h).

IT IS THEREFORE ORDERED that "Ground (2)" of defendant's second or successive motion under 28 U.S.C. § 2255 is therefore **DISMISSED** for lack of jurisdiction.

IT IS ALSO ORDERED that plaintiff, United States of America, is **DIRECTED** to respond to defendant's second or successive motion under 28 U.S.C. § 2255, to the extent it challenges his 18 U.S.C. § 924(c) conviction and

sentence based upon <u>United States v. Davis</u>, 139 S. Ct. 2319 (2019), **within 90 days** from the date of this order.

      IT IS FURTHER ORDERED that defendant, Marcus Dewayne Oakes, shall file any reply to plaintiff's response **within 21 days** from the date the response is filed.

      IT IS SO ORDERED this 19th day of March, 2020.

*/s/ Stephen P. Friot*
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

09-0081p002.docx